OPINION of the Court, by
Ch. J. Boyle
— This is a w,lt error to a judgment for a fine in behalf of the commonwealth against the plaintiff in error upon an in-<jjctment for a trespass assault and battery. The error assigned is, that there is no place or venue laid in the indictment where the offence is charged to have been
"^he indictment charges that the plaintiff in error “ did with force and arms, &c. make an assault in and upon one William Woods, laborer, on the ■ day of — r—— 1812, and then and there did with force and arms beat, wound,” &c.
On the part of the commonwealth it is contended that the word there,” as used in the latter part of this charge, refers to the county mentioned in the margin of the indictment ; and thus by relation fixes the place where the offence was committed with sufficient certainty and precision.
It is true where the offence is alleged to have been committed in the county aforesaid, this expression will have reference to the county in the margin, without naming it; and where the place is once mentioned in the body of the indictment, or ascertained by words of plain relation to the county named in the margin, the word there in the subsequent part of the indictment will refer 10 it, and be sufficient without again naming the blase or county where the offence was committed.
*491 ■The authorities referred to bn the part of the commonwealth abundantly establish this doctrine, but they do not support the position that the word there will refer to the county named in the margin, where it has not been repeated in the body of the indictment, indeed an inference diametrically opposite to this position is clearly deducible from some of these authorities ; for it is said to be holden that the want of an express allegation of the place where the offence happened, is not supplied by putting it in the margin of the indictment, unless it go farther, as by adding in comitatu predicto or the like — 3 Bac. Abr. 550 — 2 Haw. P. C. ch. 25, § 34.
In this case the obvious relation of the word there in the charge of committing the battery, is to the place where the assault was made ; and as there is evidently no place alleged where the assault was made, either expressly or by any words of implication or reference, it results that there is no place named to which the word, there can relate.
That the want of a venue is a substantial defect in the indictment cannot be doubted. It is held to be so in England, because the grand jury are sworn to inquire for the body of the county, and therefore cannot regularly by the common law present any offence which does not arise within the county for which they are returned. The same reason holds here, and is fortified by the consideration that the courts themselves have no jurisdiction over offences committed out of their respective circuits.---Judgment reversed,